IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | C O M P L A I N T |
| DAP PRODUCTS, INC., | ) ) | JURY TRIAL DEMAND |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Clayton Luster, Jr. The U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant, DAP Products, Inc. (hereinafter "Defendant" or "DAP"), terminated the employment of Clayton Luster, Jr. based on his disability and based on the need to make reasonable accommodation to his known physical limitations. In addition, the Commission alleges Defendant DAP violated the ADA by not making reasonable accommodation to the known physical limitations of Mr. Luster, an otherwise qualified individual with a disability.

These allegations are discussed in greater particularity in paragraph 12 through 16 below.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 107(a) of the ADA,

42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of the ADA, and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, DAP, has continuously been a Delaware corporation, doing business in the State of Texas and the City of Dallas, and has continuously had at least 15 employees.

5. At all relevant times, Defendant, DAP, has continuously been an employer engaged in an industry affecting commerce under Sections 101(5) and 101(7) of the ADA, 42 U.S.C. §§ 12111(5) and (7).

6. At all relevant times, Defendant, DAP, has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Clayton Luster, Jr. filed a charge with the Commission alleging violations of the ADA by Defendant, DAP.

8.     On August 26, 2014, the Commission issued to Defendant, DAP, a Letter of Determination finding reasonable cause to believe that the ADA was violated, and inviting Defendant, DAP, to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.     The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.    On July 16, 2015, the Commission issued to Defendant, DAP, a Notice of Failure of Conciliation advising Defendant, DAP, that the Commission was unable to secure from Defendant, DAP, a conciliation agreement acceptable to the Commission.

11.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12.    Since at least December 28, 2012, Defendant, DAP, has engaged in an unlawful employment practice at its Dallas, Texas facility, in violation of Sections 102 of the ADA, 42 U.S.C. § 12112, as outlined below:

a.    Defendant DAP terminated the employment of Clayton Luster, Jr. based on his disability and his need for reasonable accommodation. Defendant also failed or refused to make reasonable accommodation to his known physical limitations.

b.    Mr. Luster was employed by Defendant from July 2006 until January 2013. He underwent surgery for prostate cancer on or about January 10, 2012, for which he took medical leave. In July 2012, Defendant was informed that Mr. Luster could return to work, but due to urinary incontinence, he was required to wear a catheter. Although Mr. Luster was qualified to perform the essential functions of his job, Defendant refused to allow him to return to work. To the extent that Defendant had a policy or practice which prohibited Mr. Luster from wearing a catheter, Defendant refused to make a reasonable accommodation to his physical limitations by excusing Mr. Luster from compliance with such policy or practice and allowing him to wear a catheter at work. In the alternative, Defendant refused to make a reasonable accommodation of re-assignment Mr. Luster to a different position for which he was qualified, such as forklift driver.

    c.        Defendant forced Mr. Luster to remain on leave despite his ability and willingness to return to work. In January 2013, Defendant terminated Mr. Luster based on DAP's medical leave policy limiting extended medical leave to one year;

13. At all relevant times, Clayton Luster, Jr. has had physical the impairment of prostate cancer that substantially limits his major life activities, including the operation of major bodily functions such as normal cell growth. Mr. Luster also has had the physical impairment of urinary incontinence that substantially limits the operation of a major bodily function, his bladder function.

14. The effect of the practices complained of in paragraph 12 above has been to deprive Mr. Luster of equal employment opportunities and otherwise adversely affect his status as an employee because of his disabilities.

15. The unlawful employment practices complained of in paragraph 12 above were intentional.

16. The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Clayton Luster, Jr.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, DAP, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any qualified employees, because of their disability, by: (1) terminating employees based on disability and based on the need for Defendant to provide reasonable accommodations; (2) not making reasonable accommodation to the known physical limitations

of an otherwise qualified individual with a disability; and (3) engaging in any other employment practice which discriminates on the basis of disability;

B. Order Defendant, DAP, to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant, DAP, to make whole Clayton Luster, Jr., by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of Clayton Luster, Jr. or front pay in lieu thereof;

D. Order Defendant, DAP, to make whole Clayton Luster, Jr. by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, including relocation expenses, job search expenses, and medical expenses, in amounts to be determined at trial;

E. Order Defendant, DAP, to make whole Clayton Luster, Jr. by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F. Order Defendant, DAP, to pay Clayton Luster, Jr. punitive damages for engaging in discriminatory practices with malice or reckless indifference to Mr. Luster's federally protected rights, as described in paragraph 12 above, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

    Respectfully submitted,

    P. DAVID LOPEZ
    General Counsel

    JAMES L. LEE
    Deputy General Counsel

    GWENDOLYN YOUNG REAMS
    Associate General Counsel


    /s/ Robert A. Canino
    ROBERT A. CANINO
    Regional Attorney
    Oklahoma State Bar No. 011782

    /s/ Suzanne M. Anderson
    SUZANNE M. ANDERSON
    Supervisory Trial Attorney
    Texas State Bar No. 14009470

    /s/ Meaghan L. Shepard
    MEAGHAN L. SHEPARD
    Trial Attorney
    Maryland Bar (No nos. assigned)

    EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION
    Dallas District Office
    207 Houston, 3rd Floor
    Dallas, Texas 75202
    (TEL)  (214) 253-2746
    (FAX) (214) 253-2749

    **ATTORNEYS FOR PLAINTIFF**